UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**WHITNEY M. HASLER,**
642 Terrace Court
Monticello, WI 53570

        Plaintiff,

vs.

Case No.    21-cv-115

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**
Registered Agent: CSC Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

        Defendant.

---

## COMPLAINT

---

The Plaintiff, Whitney M. Hasler, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Monticello, Wisconsin.

2. Defendant, Lincoln Life Assurance Company of Boston, on information and belief is a corporation organized under the laws of New Hampshire, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Alliant Energy Corporate Services, Inc. ("the

Plan"), an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least March 1, 2019 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Customer Service Associate for Alliant Energy Corporate Services, Inc.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plans.

10. Plaintiff ceased working on March 27, 2019 due to major depressive disorder, social phobia disorder, generalized anxiety disorder, and attention-deficit hyperactivity disorder.

11. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

12. Defendant was responsible for paying Plaintiff's LTDI benefits.

13. Defendant approved Plaintiff's claim for short-term disability insurance ("STDI") benefits from her date of disability until September 30, 2019, the maximum benefit period available under the STDI plan.

14. Defendant approved Plaintiff's claim for LTDI benefits from October 1, 2019 until March 5, 2020.

15. Plaintiff's LTDI benefit is worth $2,583.36 per month.

16. Defendant denied Plaintiff's LTDI benefits claim beyond March 5, 2020.

17. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

18. As part of Plaintiff's appeal, Plaintiff submitted a psychological evaluation, which confirmed that her overall cognitive functioning is in the below average range and at the third percentile.

19. That psychological evaluation further confirmed Plaintiff is below average and at the seventh percentile in her ability to access and use words and that her working memory as at the sixth percentile indicating that she struggles with tasks that require concentration and attention.

20. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

21. Plaintiff submitted all information requested by the Defendant.

22. Defendant failed to consider the issues raised in Plaintiff's appeal.

23. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

24. Defendant did not perform a "full and fair review" of Plaintiff's claim.

25. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

26. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27. Defendant failed to engage in a meaningful dialogue with Plaintiff.

28. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

29. Defendant conducted a selective review of Plaintiff's medical records.

30. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

31. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

32. At all times material to this case, the Plan has remained in full force and effect.

33. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

34. The preceding paragraphs are reincorporated by reference as though set forth here in full.

35. Plaintiff has been and remains disabled, as that term is defined by the Plan.

36. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is arbitrary and capricious as the Plans has granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

37. Defendant arbitrarily and capriciously denied Plaintiff benefits.

38. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

39. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

40. As both the payer of claims and the adjudicator of LTDI claim eligibility, Defendant has an inherent conflict of interest.

41. Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

42. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Whitney Hasler, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated February 18, 2021.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Whitney M. Hasler*

By: */s/ William E. Parsons*
William E. Parsons
Email: wparsons@hq-law.com
Jessa L. Victor
Email: jvictor@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236